UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SPENCER T. CRUMBSIE,

Plaintiff,

-against-

CAPTAIN LOPEZ; SGT. ALLEN; CORRECTIONS OFFICER TROTTER,

Defendants.

**ORDER OF SERVICE**

26-CV-08808 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff Spencer T. Crumbsie, who currently is incarcerated at the Westchester County Jail, brings this action, *pro se*, under 42 U.S.C. § 1983, for violations of his rights under the Fourth and Eighth Amendments. The Court liberally construes the complaint as asserting additional statutory claims under New York Civil Rights Law § 85 and tort claims of negligence, assault, and battery. Plaintiff names as Defendants three officials employed by the Westchester County Department of Correction: (1) Captain Lopez, (2) Sgt. Allen, and (3) Corrections Officer Trotter. He seeks $5 million in damages. By order dated October 23, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (Doc. 5).[1] As explained below, the Court directs service on Defendants.

**DISCUSSION**

Plaintiff has been granted permission to proceed IFP and therefore may rely on the assistance of the court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and the complaint until the Court reviewed the complaint and ordered that summonses be

119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses for each Defendant and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants. If the complaint is not served within 90 days after the date each summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff also must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Clerk of Court is instructed to issue a summons for each Defendant, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service. The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: October 28, 2026
White Plains, New York

PHILIP M. HALPERN
United States District Judge

issued. The Court therefore extends the time to serve until 90 days after the date each summons in this action is issued.

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Captain Lopez
   Westchester County Department of Correction
   10 Woods Road
   Valhalla, NY 10595

2. Sgt. Allen
   Westchester County Department of Correction
   10 Woods Road
   Valhalla, NY 10595

3. Corrections Officer Trotter
   Westchester County Department of Correction
   10 Woods Road
   Valhalla, NY 10595